# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

    Plaintiff,

v.                                                             No. 18-cv-0474 RB/SMV

NEW MEXICO DEP'T OF CORRS.,
THE GEO GROUP, INC., and
CORIZON HEALTH CARE

    Defendants.

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Motion for Appointment of Counsel [Doc. 21], filed on June 15, 2018. Plaintiff is incarcerated and proceeding pro se in this 42 U.S.C. § 1983 action. He claims that he was severely beaten by another inmate in 2015. [Doc. 1-1] at 2–6. He blames Defendants for the beating and alleges that they failed to provide adequate medical treatment. *Id.* at 10–11. Plaintiff now requests appointment of counsel because he is indigent, cannot afford to hire a lawyer, and was granted leave to proceed *in forma pauperis* in state court, where his case was originally filed. [Doc. 21] at 1. He further argues that his imprisonment will greatly limit his ability to litigate, including participating in discovery. *Id.* at 1. He argues that the issues in this case are complex. *Id.* at 1–2. He argues that a trial will involve conflicting testimony and an attorney is needed to help with presentation of evidence and cross-examinations. *Id.* at 2. He reports that he has made repeated efforts to find an attorney on his own but has not been successful. *Id.*

The problem is that United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016). In certain exceptional circumstances, a court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal quotation marks omitted).

The Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant requesting the voluntary assistance of counsel. Moreover, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Appointment of Counsel [Doc. 21] is **DENIED** at this time;

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**