IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

    Plaintiff,

vs.                                                                                 No. 18-cv-474 RB/SMV

NEW MEXICO DEPARTMENT
OF CORRECTIONS, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Mr. Aicher's Amended Prisoner Civil Rights Complaint. (Doc. 69.) Mr. Aicher is incarcerated and proceeds *pro se*. For the reasons set out below, the Court will dismiss the Amended Complaint for failure to state a claim.

Mr. Aicher filed his original complaint in New Mexico's First Judicial District Court, Case No. D-101-CV-2018-01224. (Doc. 1-1.) There, he alleged that New Mexico Department of Corrections (NMDOC) and Corizon Health Care (Corizon) failed to protect him from an assault by a fellow inmate.[1] The attack occurred in 2015, when he was incarcerated at the Lea County Correctional Facility (LCCF). (*Id.* at 1.) Fellow inmate John Archibeque struck Mr. Aicher with a cane and repeatedly punched and kicked his face until he lost consciousness. (*Id.*) He alleged that a correctional officer allegedly passed by his door, looked in, and "continued without noticing [him]." (*Id.*) The original complaint raised claims under the Eighth Amendment and the Due

---

[1] The original complaint also alleged unnamed prison officials were deliberately indifferent to Mr. Aicher's medical needs. (Doc. 1-1 at 2–3.) However, the Amended Complaint does not recite these allegations or provide the name of any medical officials. (*See* Doc. 69.) Any deliberate-indifference claims have therefore been abandoned.

Process Clause against the NMDOC and Corizon.[2] (*Id.* at 9.) Corizon removed the complaint to Federal Court and sought dismissal under Federal Rule of Civil Procedure 12(b)(6). (Docs. 1; 37.)

The Court screened the original complaint pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6) and determined it failed to state a claim against either Defendant. (Doc. 68.) The "[NMDOC] is not a 'person' subject to suit under § 1983." *Blackburn v. Dep't of Corr.*, 172 F.3d 62, at *1 (10th Cir. 1999) (citations omitted); *see also Jordan v. Doe*, 15 F. App'x 564, 566 (10th Cir. 2001) (same). Further, Mr. Aicher failed to sufficiently allege that Corizon deprived him of his constitutional rights pursuant to an official corporate policy or custom. *See Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993) (A private corporation performing a government function can be held liable under § 1983 only where a plaintiff shows "1) the existence of a . . . policy or custom, and 2) that there is a direct causal link between the policy or custom and the injury alleged."). The ruling alternatively observed that, even if Mr. Aicher identified the individuals who failed to protect him from attack, his allegations were insufficient to establish an Eighth Amendment violation. The original complaint gives no indication that any state actor was subjectively aware of the risk of attack. *See Wilson v. Falk*, 877 F.3d 1204, 1209 (10th Cir. 2017). For these reasons, the Court dismissed the original complaint without prejudice.

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991), the Court gave Mr. Aicher thirty days to amend. He timely filed the Amended Complaint on March 5, 2019. (Doc. 69.)[3] In an effort to cure the pleading defects, Mr. Aicher alleges federal constitutional claims

---

[2] Mr. Aicher initially also named the GEO Group, Inc., but he sought to remove that Defendant. (Doc. 1-1 at 9; *see also* Docs. 40; 41.)

[3] That same month, Mr. Aicher also filed an "Objection to the Memorandum Opinion and Order." (Docs. 69; 70.) In the Memorandum Opinion and Order, the Court discerned that a friend helped

against three new defendants: (1) inmate John Archibeque; (2) inmate Matthew Dilly Jr., and (3) inmate Robert Eby. (*Id.* at 2–4.) Archibeque attacked Mr. Aicher while Dilly and Eby allegedly allowed the attack and/or insulted Mr. Aicher. (*Id.*) Dilly also allegedly stole his property. (*Id.* at 9.) Beyond the inmates, the Amended Complaint again names the NMDOC. (*Id.* at 5.)

Having carefully reviewed the new allegations, the Court again finds the Amended Complaint fails to state a constitutional claim. As previously noted, Mr. Aicher cannot assert § 1983 claims against NMDOC as a matter of law. *See Blackburn*, 172 F.3d at 62; *Jordan,* 15 F. App'x at 566. Further, "section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trs.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Inmates do not act under color of state law, and the constitutional claims against Archibeque, Dilly, and Eby fail.

Based on the foregoing, the Amended Complaint will be dismissed with prejudice under 28 U.S.C. § 1915A and Rule 12(b)(6). Such dismissal resolves all claims against NMDOC and Corizon that are traceable to the attack by Archibeque. To the extent the Amended Complaint raises any <u>pure</u> state-law claims against: (1) Archibeque, (2) Dilly, or (3) Eby, the Court declines to exercise supplemental jurisdiction. Such state-law claims will be dismissed without prejudice. The Court will also direct the Clerk's Office to send Mr. Aicher a file-stamped copy of his Amended Complaint, in response to his letter filed March 18, 2019. (Doc. 71.)

**IT IS ORDERED** that this civil action (Doc. 69) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915A and Rule 12(b)(6); except, to the extent the Amended Complaint (Doc. 69)

---

Mr. Aicher return to his cell after the attack. (Doc. 69 at 1.) The Objection clarifies: "this is incorrect and not true." (Doc. 70 at 2.) The distinction makes no difference to the outcome of this case, but the Court notes the correction for the record.

raises any pure state-law claims against: (1) Archibeque, (2) Dilly, or (3) Eby, those state-law claims against those three Defendants are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment resolving the civil case.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **MAIL** Mr. Aicher a file-stamped copy of this ruling and his Amended Complaint (Doc. 69).

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE